UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| DIPANKAR CHANDRA, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-0375-B |
| | § | |
| BOWHEAD SCIENCE & | § | |
| TECHNOLOGY, LLC., and | § | |
| ROBERT M. SPEER, SECRETARY | § | |
| OF THE UNITED STATES ARMY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Robert M. Speer's[1] (the Army) Motion to Dismiss (Doc. 33), seeking dismissal of Plaintiff Dipankar Chandra's discrimination claim for failure to exhaust administrative remedies. For the reasons stated below, the Court **GRANTS** the Army's Motion.

I.

BACKGROUND

A.  *Factual Background*[2]

Chandra was hired by Defendant Bowhead Science & Technology, LLC (Bowhead) as a Scientist/Microscopy Technician/Microscopy Manager in October 2011. Doc. 3, Pl.'s Orig. Compl.

---

[1] Chandra's Original Complaint was against Patrick J. Murphy, then the Secretary of the United States Army. Under Federal Rule of Civil Procedure 25(d), the Acting Secretary of the Army, Robert M. Speer, is automatically substituted as the Defendant. In this Order, the moving Defendant will be referred to as "the Army."

[2] The Court draws its factual account from the initial pleadings as well as parties' briefing on the Motion at issue. Any contested fact is identified as the allegation of a particular party.

¶ 16; Doc. 38, Pl.'s Resp. to Def. Robert M. Speer's Mot. to Dismiss and Br. in Supp. 1 [hereinafter Pl.'s Resp.]. After being hired by Bowhead, Chandra was contracted to work for Patrick J. Murphy, then the Secretary of the United States Army. Doc. 38, Pl.'s Resp. 1.

Chandra "is a non-Caucasian American individual with Indian national origin who possesses distinct racial features and ethnic characteristics that are different from" Caucasian Americans. Doc. 3, Pl.'s Orig. Compl. ¶ 14. Chandra speaks English with an accent. *Id.* ¶ 15. Chandra alleges that he was the only Indian employee in his unit. *Id.* ¶ 17.

Bowhead hired Chandra by telephone and allegedly told him that he did not need to conduct an in-person interview for the position. *Id.* ¶ 20. Chandra relocated from Texas to Maryland to begin the position. *Id.* ¶ 21. Chandra states that he was not reimbursed for his relocation expenses as promised by Bowhead over the telephone; non-Indian employees, by contrast, allegedly were reimbursed. *Id.* ¶¶ 21–22. Upon arrival, Chandra was allegedly required to undergo several new in-person interviews to secure the position. *Id.* ¶¶ 23–24. Chandra claims that his supervisors could not pronounce his name. *Id.* ¶ 25. So despite Chandra's objections, they allegedly decided to use a nickname and call him "David." *Id.* The supervisors also allegedly instructed other employees to refer to Chandra as "David." *Id.* One of Chandra's supervisors purportedly required Chandra to call her every time he arrived at the building but did not require other non-Indian employees to do so. *Id.* ¶ 26. In November 2011, a fellow employee allegedly referred to Chandra as a "low caste Indian from Texas" in front of Chandra. *Id.* ¶ 27.

Chandra claims that he was not given an office for three weeks, did not receive a working computer for two months, never received a working phone, and never received an access badge that worked properly despite complaining about it. *Id.* ¶¶ 28–29. Chandra was allegedly also not given

access to liquid nitrogen—a necessary component to properly fulfill his responsibilities. *Id.* ¶¶ 30–31. A supervisor allegedly responded to Chandra's requests for liquid nitrogen by telling Chandra not to bother him and to "fit in." *Id.* ¶ 31. Chandra claims to have been told multiple times to "fit in" by supervisors while non-Indian employees were not told to do so. *Id.* ¶ 32. Chandra states that he was told not to perform certain tasks and then reprimanded for not performing those tasks. *Id.* ¶¶ 33–35.

Chandra was terminated on or about December 21, 2011, for not being in the building on time, not filling out his time sheets, and lack of knowledge of electron microscopy. *Id.* ¶ 37. Chandra claims that he was never given a working badge which was required to enter the building, not given a working computer for two months which was required to complete time sheets, and praised for his knowledge of electron microscopy. *Id.* ¶¶ 28, 38–40.

B.   *Procedural History*

Chandra filed a formal complaint of discrimination with the Equal Employment Opportunity Commission (EEOC) on August 7, 2012. Doc. 33, Def. Robert M. Speer's Mot. to Dismiss ¶ 4 [hereinafter Army's Mot. to Dismiss]; Doc. 35-1, Ex. 1, Charge of Discrimination. Chandra filed a Complaint with this Court on February 10, 2016, alleging discrimination on the basis of race and national origin in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.* Doc. 3, Pl.'s Orig. Compl. 1, 5–7.[3]

---

[3]Chandra's Original Complaint asserts two causes of action: (1) violations of Title VII; and (2) violations of 42 U.S.C. § 1981. Doc. 3, Pl.'s Orig. Compl. 1, 5–8. Chandra does not specify which claims are intended for which defendant—indeed, the face of Chandra's Original Complaint suggests that he intends both claims to apply to both Defendants. But that cannot be because Section 1981 "does not permit discrimination actions against the federal government." *Henrickson v. Potter*, 327 F.3d 444, 446 (5th Cir. 2003) (citing *Eastland v. Tenn. Valley Auth.*, 553 F.2d 364, 371 (5th Cir. 1977)). With that in mind, the Court **DISMISSES with prejudice** Chandra's Section 1981 claim against the Army to the extent that he asserts one. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (explaining that dismissal with prejudice is appropriate when "it is clear that the [pleading's] defects

The Army, in turn, moved to dismiss Chandra's claims against it under Federal Rules of Civil Procedure 12(b)(1) and, alternatively, 12(b)(6) for failure to exhaust administrative remedies. Doc. 33, Army's Mot. to Dismiss 1–2. Chandra responded to the Motion, and the Army replied. *See* Doc. 38, Pl.'s Resp.; Doc. 39, Def.'s Reply Br. in Supp. of Def. Robert M. Speer's Mot. to Dismiss. Thus, the Motion is ripe for the Court's review.

## II.

## LEGAL STANDARD

A.  *Federal Rule of Civil Procedure 12(b)(1)*

"'Federal courts are courts of limited jurisdiction.'" *MacKenzie v. Castro*, No. 3:15-cv-0752-D, 2016 WL 3906084, at *2 (N.D. Tex. July 19, 2016) (quoting *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)). For that reason, they can adjudicate claims only when subject matter jurisdiction "is expressly conferred by the Constitution and federal statute. Federal Rule of Civil Procedure 12(b)(1) provides the vehicle through which" a party may challenge that jurisdiction. *Armstrong v. Tygart*, 886 F. Supp. 2d 572, 584 (W.D. Tex. 2012) (internal citations omitted).

"A Rule 12(b)(1) motion can mount either a facial or factual challenge." *MacKenzie*, 2016 WL 3906084, at *2. A facial challenge occurs "when a party files a Rule 12(b)(1) motion without including evidence." *Id.* A factual challenge, by contrast, occurs when a party supports its Rule 12(b)(1) motion with evidence. *Id.*

In both cases, the burden of proof "'is on the party asserting jurisdiction.'" *Id.* (quoting

---

are incurable"). As a result, the remainder of this Memorandum Opinion and Order addresses only Chandra's Title VII claim. *See White v. Gen. Servs. Admin.*, 652 F.2d 913, 916–17 (9th Cir. 1981) (holding that Title VII action against federal government provides the exclusive remedy for a federal employment discrimination action).

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam)). So Chandra must prove jurisdiction exists. Yet that is no high bar: "'[I]t is extremely difficult to dismiss a claim for lack of subject matter jurisdiction.'" *Santerre v. AGIP Petrol. Co.*, 45 F. Supp. 2d 558, 566 (S.D. Tex. 1999) (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1260 (11th Cir. 1997)).

For a facial challenge, courts consider just "the allegations in the complaint because they are presumed to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). And if they sufficiently allege a claim for recovery, then the complaint stands and the court must entertain the suit. *Id.*

But this is a factual challenge. Doc. 35, App. to Br. in Supp. of Def. Robert M. Speer's Mot. to Dismiss. Plaintiffs enjoy no presumption towards truthfulness here. *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981). Instead, they must "prove subject matter jurisdiction by a preponderance of the evidence." *MacKenzie*, 2016 WL 3906084, at *2 (citing *Paterson*, 644 F.2d at 523). To that end, each party may submit affidavits, testimony, and other evidentiary materials in support of their positions. *Paterson*, 644 F.3d at 523.

This is unlike a motion to dismiss under Rule 12(b)(6). *See Robinson v. Paulson*, No. H-06-4083, 2008 WL 4692392, at *10 (S.D. Tex. Oct. 22, 2008) (citing *Garcia*, 104 F.3d at 1261) (explaining that courts "may consider matters outside the pleadings" in the context of Rule 12(b)(1) "without converting the motion to dismiss to one for summary judgment"). On that basis, courts are given wide discretion "to resolve disputed jurisdictional facts." *Id.* So in resolving a factual challenge, the court, "which does not address the merits of the suit, has significant authority to 'weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Ellis v. Educ. Comm'n for Foreign Med. Graduates*, No. A. H-14-2126, 2015 WL 3866728, at *2 (S.D. Tex. June 23, 2015)

(quoting *id.*).

B.  *Federal Rule of Civil Procedure 12(b)(6)*

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff's complaint fails to state such a claim, Rule 12(b)(6) allows a defendant to file a motion to dismiss. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The Court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, a plaintiff "must plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). That means "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

**III.**

**ANALYSIS**

A.  *Rule 12(b)(1)*

The Army moves to dismiss Chandra's Complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) because Chandra failed to exhaust administrative remedies. Doc. 33, Army's Mot. to Dismiss 1–2. The Army argues that Chandra sought relief with Bowhead and filed his complaint of discrimination with the EEOC, but did not file a claim with the Army's Equal Employment Opportunity (EEO) office. Doc. 34, Br. in Supp. of Def. Robert M. Speer's Mot. to Dismiss 4 [hereinafter Army's Br.]. Thus, the Army concludes, Chandra did not seek relief with the Army, nor did he follow the required procedures set forth by Congress for pursuing claims alleging employment discrimination in federal employment. *Id.*

Chandra argues that employing Rule 12(b)(1) to seek dismissal for failure to exhaust remedies is improper because failure to exhaust remedies concerns the statute of limitations and does not affect subject matter jurisdiction. Doc. 38, Pl.'s Resp. 1–2. Chandra also asserts that he was an employee of Bowhead, a private sector corporation, and a federal contractor, not a federal employee. *Id.* at 3–4. Therefore, his charge should be filed with the EEOC, and he is not required to file his charge with the Army's EEO office. *Id.* at 4.

There has been disagreement in the Fifth Circuit as to whether the Title VII exhaustion requirements are jurisdictional or merely a prerequisite to suit and subject to waiver and estoppel. *Pacheco v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir. 2006). Nonetheless, courts in this District have time and again held that Title VII's exhaustion requirement is a condition precedent to filing suit and not a jurisdictional threshold. *See, e.g.*, *Buyze v. Mukasey*, No. 3:07-cv-1191-M (BH), 2008 WL

904718, at *3 (N.D. Tex. Mar. 31, 2008); *Baney v. Gonzales*, No. 3:06-cv-2064-L, 2007 WL 1944462, at *4 (N.D. Tex. June 27, 2007). The Court agrees. With that in mind, the Army's reliance on Rule 12(b)(1) is misplaced. *See Gates v. City of Dallas*, No. 3:96-cv-2198-D, 1997 WL 405144, at *1 (N.D. Tex. July 15, 1997). Thus, the Court **DENIES** the Army's Rule 12(b)(1) Motion and instead considers its exhaustion challenge under the appropriate procedural vehicle, Rule 12(b)(6).

B.   *Rule 12(b)(6)*

The Army argues that Chandra sought relief with Bowhead and filed his complaint of discrimination with the EEOC, but did not file a claim with the Army's EEO office. Doc. 34, Army's Br. 6–7. Thus, the Army maintains, Chandra cannot state a Title VII discrimination claim against the Army because he did not exhaust the administrative remedies set forth by Congress. *Id.* at 7.

Chandra argues that the Army's Motion is premature because discovery must be conducted to determine whether the Army received notice of Chandra's complaint of discrimination with the EEOC and to ascertain the actual relationship between Bowhead and the Army. Doc. 38, Pl.'s Resp. 2–3. Chandra also asserts that he was an employee of Bowhead, a private sector corporation, and a federal contractor, not a federal employee. *Id.* at 3–4. Therefore, his charge should be filed with the EEOC, not the Army's EEO office. *Id.* at 4. Chandra argues that he properly filed his charge with the EEOC against Bowhead and included the Army within the contents of the charge. *Id.* Thus, Chandra says, he filed his charge against the Army. *Id.* at 4–6. Alternatively, Chandra argues that the Army shares an "identity of interest" with Bowhead and, thus, may face suit. *Id.* at 7–10. Finally, Chandra argues that the Army should be kept in the lawsuit because the Army, as his employer, is an integral party to the lawsuit. *Id.* at 10–12.

Exhaustion of administrative remedies is a prerequisite to filing a judicial complaint in a Title

VII case. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). Employees of contractors for a federal agency are not exempt from the exhaustion requirement when making a Title VII claim against the federal agency. *Frank v. England*, 313 F. Supp. 2d 532, 537 (D. Md. 2004) (holding that an employee of a contractor for a federal agency has the obligation to exhaust the administrative remedies available through the agency). For instance, in *Frank*, the plaintiff was employed by a company that had a contract with the Navy to provide medical laboratory services. *Id.* at 534. After his employment with the company was terminated, the plaintiff filed a complaint of discrimination with the EEOC. *Id.* The plaintiff then filed suit against the company and the Navy. *Id.* The court dismissed[4] the complaint because the plaintiff failed to proceed with the Navy's EEO procedures and, thus, did not exhaust administrative remedies. *Id.* at 537. The court noted "that it would be unreasonable to consider the Navy a second employer under Title VII, but exempt [p]laintiff from exhausting his administrative remedies as to the Navy." *Id.* A court in the Western District of Washington relied on *Frank* to explain:

> Title VII and the EEOC contemplate a bifurcated administrative remedial process when a complainant pursues relief against a private employer and a federal employer for the same discriminatory act. A complainant alleging discrimination must separately exhaust his federal-sector and private-sector administrative remedies when suing a federal agency and private entity as joint employers.

*Scott v. Moniz*, c14-5684 RJB, 2014 WL 12539672, at *4 (W.D. Wash. Nov. 17, 2014).

In a case factually similar to *Frank*, a court in the Southern District of Georgia held that an employee of a contractor for the United States Postal Service (USPS) had a minimum obligation to attempt to contact USPS's EEO representatives before filing a Title VII discrimination suit against

---

[4]The complaint in *Frank* was dismissed under 12(b)(1), but the court noted that the complaint could also be dismissed under 12(b)(6). *Frank*, 313 F. Supp. 2d at 536 n.5.

the USPS. *Hutchens v. Mail Contractors of Am., Inc.*, No. CV 213-142, 2014 WL 6455128, at *5 (S.D. Ga. Nov. 13, 2014). Applying similar logic, the United States District Court for the District of Columbia denied the Department of Transportation's (DOT) 12(b)(6) motion to dismiss and held that an employee *did* exhaust her administrative remedies when she filed two EEO complaints against the DOT alleging a hostile work environment. *Gray v. Lahood*, 917 F. Supp. 2d 120, 129 (D.D.C. 2013).

Here, Chandra argues that he should be considered an employee of the Army under Title VII but exempt from exhausting the Army's administrative remedies. Doc. 38, Pl.'s Resp. 3–4, 10–12. That's like the argument presented by the plaintiff in *Frank*. *See Frank*, 313 F. Supp. 2d at 537. And like the court in *Frank*, this Court finds it unreasonable. *Id.* Based on the reasoning in the aforementioned cases, the Court concludes that an employee of a contractor for a federal agency must exhaust the agency's administrative remedies before filing a Title VII complaint against the agency.

A Rule 12(b)(6) motion attacks the sufficiency of a party's pleadings. *Spivey*, 197 F.3d at 774. Here, Chandra did not allege that he contacted the Army's EEO office, much less that he pursued administrative remedies with the office.[5] As a result, Chandra failed to state a Title VII discrimination claim against the Army because he failed to allege that he exhausted administrative

---

[5]The Court notes that the Army has submitted evidence that its EEO office has no record of Chandra contacting the office to report discrimination. Doc. 35-1, Ex. 4, Declaration of Patricia A. Proctor. Taken as true, that evidence strongly suggests that Chandra did not exhaust his administrative remedies. But the Court conducts its analysis here under Rule 12(b)(6) and thus may "not look beyond the face of the pleadings[.]" *Spivey*, 197 F.3d at 774; *cf. Robinson*, 2008 WL 4692392, at *10 (explaining that in the context of Rule 12(b)(1), courts "may consider matters outside the pleadings, such as testimony and affidavits"). Proctor's declaration is "impermissibly outside the pleadings." *Wang v. Prudential Fin. Corp.*, No. 3:05-cv-2091-H, 2006 WL 1489427, at *2 (N.D. Tex. May 25, 2006). So the Court may not consider it at this stage of the case.

remedies. *Hutchens*, 2014 WL 6455128, at *4–5 (dismissing plaintiff's Title VII claim for failure to plead exhaustion of agency's administrative remedies).

Chandra also advances reasons to subject the Army to the suit despite not filing a charge of discrimination with the Army's EEO office. The Court now considers and addresses each of those assertions.

1. <u>Equitable Tolling</u>

The exhaustion requirement for Title VII claims may be equitably tolled in certain circumstances. *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003). There are three bases upon which to apply equitable tolling: "(1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights." *Id.* (citing *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir. 1988)). Additionally, "equitable tolling may apply where the claimant has vigorously pursued his action, but has inadvertently missed deadlines due to his . . . lack of sophistication with the procedural requirements of Title VII claims." *Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (finding that equitable tolling may be allowed "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period"). Nevertheless, the plaintiff still bears the ultimate "burden to provide justification for equitable tolling." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011)

Chandra mentions the possibility of equitable tolling in support of his argument that 12(b)(1) is not an acceptable mechanism for dismissal of his claims for failing to exhaust administrative remedies. Doc. 38, Pl.'s Resp. 2 (arguing "[t]he characterization either of lack of exhaustion or of

untimeliness as a jurisdictional bar is particularly inapt in Title VII cases, where the courts are permitted to equitably toll filing requirements in certain circumstances"). Chandra, however, does not explicitly plead that equitable tolling applies to him.

As a *pro se* litigant, Chandra's "pleadings are to be construed liberally." *Sama v. Hannigan*, 669 F.3d 585, 599 (5th Cir. 2012) (citing *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002)). Similarly, his "*pro se* briefs are afforded liberal construction." *McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Indeed, it "would be inequitable" to hold *pro se* litigants to strict procedural standards and thereby punish such litigants "for lacking the linguistic and analytical skills of a trained lawyer." *Perez*, 312 F.3d at 194. Nonetheless, courts "still require *pro se* parties to fundamentally 'abide by the rules that govern the federal courts.'" *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (citing *Frazier v. Wells Fargo Bank*, N.A., 541 F. App'x 419, 421 (5th Cir. 2013)). So *pro se* "litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, . . . and brief arguments on appeal." *Id.* (internal citations omitted).

Chandra's pleadings fall short of that goal. Rule 8(c) provides that, in response to a pleading, parties must plead all affirmative defenses, and failure to do so generally results in a waiver of that defense. Fed. R. Civ. P. 8(c); *Allianz Versicherungs, AG v. Profreight Brokers, Inc.*, 99 F. App'x 10, 12 (5th Cir. 2004) (per curiam). Equitable tolling is an affirmative defense. *See Clymore v. United States*, 217 F.3d 370, 378 (5th Cir. 2000).

Chandra failed to plead facts that could be liberally construed to assert that he qualifies for any of the three potential bases for equitable tolling. *See Manning*, 332 F.3d at 880. Chandra also failed to plead facts showing that he vigorously pursued a discrimination claim against the Army but

inadvertently missed deadlines due to his lack of sophistication with Title VII's procedural requirements. *See Rowe*, 967 F.2d at 192. Accordingly, Chandra has not met his burden under Rule 8(c). The Court therefore concludes that he has waived the equitable tolling defense. *Franklin v. Burlington N.*, 34 F. App'x 963 (5th Cir. 2002) (holding that equitable tolling was waived because no argument was made that equitable tolling should apply and no evidence was offered to support equitable tolling).

    2.    <u>Identity of Interest</u>

A party not named in an EEOC charge may still face suit if "there was sufficient identity-of-interest between the named and the unnamed party so that the unnamed party could be sued in court despite not being named in the charge." *Simbaki*, 767 F.3d at 482. Chandra argues that the Army shares an "identity of interest" with Bowhead and, thus may face suit even though Chandra did not file a charge against the Army. Doc. 38, Pl.'s Resp. 7–10.

Courts in the Fifth Circuit consider the following four factors to determine "identity-of-interest":

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceeding; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Hartz v. Adm'rs of Tulane Educ. Fund*, 275 F. App'x 281, 286 (5th Cir. 2008) (citing *St. Cyr v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 540 F. Supp. 889, 891–92 (S.D. Tex.1982)).

The Fifth Circuit in *Hartz* held that two institutions did not share an identity of interest

because: (1) they were separate and distinct business entities—one was a non-profit educational institution, the other a for-profit limited liability company; and (2) they were domiciled at different addresses. *Hartz*, 275 F. App'x at 286. The Fifth Circuit therefore concluded that the plaintiff failed to exhaust her administrative remedies because she failed to name the unnamed defendant in her EEOC charge. *Id.* In doing so, the Fifth Circuit rendered a judgment of dismissal for failure to state a claim. *Id.* at 286, 290.

In this case, Bowhead, a private corporation (Doc. 3, Pl.'s Orig. Compl. ¶ 4) is separate and distinct from the Army, a federal agency. *Id.* ¶ 5. Bowhead and the Army are also domiciled at different addresses. *Id.* ¶¶ 4–5. So Bowhead and the Army do not share an identity of interest. *See Hartz*, 275 F. App'x at 286, 290. For that reason, the Court concludes that Chandra failed to exhaust his administrative remedies by failing to file a discrimination charge against the Army.

### 3. Notice

Chandra argues that mentioning the Army in his EEOC complaint against Bowhead gave both the EEOC and the Army sufficient notice of a discrimination charge to allow the case to proceed against the Army. Doc. 38, Pl.'s Resp 5–6.

The Court disagrees but need not undertake extensive analysis on this point. Addressing Chandra's argument requires considering the factual underpinnings and substance of Chandra's EEOC charge, which in turn "would require the Court to go impermissibly outside the pleadings." *Wang*, 2006 WL 1489427, at *2; *see also Mangum v. United Parcel Servs.*, No. 3:09-cv-0385-D, 2009 WL 4823018, at *1 n.2 (N.D. Tex. Dec. 14, 2009) (explaining that an EEOC charge is outside the pleadings when ruling on a Rule 12(b)(6) motion). The Court declines to do so.

In sum, Chandra has failed to sufficiently allege: (1) that he exhausted the Army's

administrative remedies; and (2) adequate reasons to subject the Army to suit despite not filing a charge of discrimination with the Army's EEO office. For that reason, Chandra fails to state a claim for which relief may be granted. *In re Katrina*, 495 F.3d at 205. The Court therefore **DISMISSES without prejudice** Chandra's Title VII claim against the Army.

That said, "this is the first time the [C]ourt has addressed whether [Chandra's] pleadings sufficiently state a claim on which relief can be granted." *In re Am. Airlines, Inc. Privacy Litig.*, 370 F. Supp. 2d 552, 568 (N.D. Tex. 2005). So the Court **GRANTS** Chandra leave to replead his Complaint, if he can do so in a way that overcomes the deficiencies identified in this Order. *See Aldridge v. Fargo*, No. 3:14-cv-1668-D, 2014 WL 12580488, at *1 (N.D. Tex. July 2, 2014) (allowing plaintiff to replead after granting defendant's 12(b)(6) motion to dismiss); *see also id.* at 567–68 (noting that "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear that the defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal").

## IV.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Army's Motion to Dismiss (Doc. 33). Accordingly, the Court **DISMISSES with prejudice** Chandra's Section 1981 claim[6] against the Army and **DISMISSES without prejudice** Chandra's Title VII claim against the Army. The Court further **GRANTS** Chandra leave to file an amended Complaint **no later than July 21, 2017**. If Chandra fails to amend his Complaint by July 21, 2017, then his Title VII claim against the Army

---

[6]*See supra* note 3.

will be **DISMISSED with prejudice**.

    **SO ORDERED**

    **SIGNED: June 26, 2017.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT