UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIPANKAR CHANDRA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-0375-B |
| | § | |
| BOWHEAD SCIENCE & | § | |
| TECHNOLOGY, LLC., and | § | |
| ROBERT M. SPEER, SECRETARY | § | |
| OF THE UNITED STATES ARMY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Robert M. Speer's[1] (the Army) Motion to Dismiss (Doc. 57), seeking dismissal of Plaintiff Dipankar Chandra's discrimination claim for failure to exhaust administrative remedies. For the reasons stated below, the Court **GRANTS** the Army's Motion.

I.

BACKGROUND

A.   *Factual Background*[2]

Chandra was hired by Defendant Bowhead Science & Technology, LLC (Bowhead) as a Scientist/Microscopy Technician/Microscopy Manager in October 2011. Doc. 43, Pl.'s 1st Am.

---

[1] Chandra's Original Complaint was against Patrick J. Murphy, then the Secretary of the United States Army. Under Federal Rule of Civil Procedure 25(d), the Acting Secretary of the Army, Robert M. Speer, is automatically substituted as the Defendant. In this Order, the moving Defendant will be referred to as "the Army."

[2] The Court draws its factual account from the initial pleadings as well as parties' briefing on the Motion at issue. Any contested fact is identified as the allegation of a particular party.

Compl. ¶ 20; Doc. 60, Pl.'s Resp. to Def. Robert M. Speer's Mot. to Dismiss and Br. in Supp. ¶ 1 [hereinafter Pl.'s Resp.]. After Bowhead hired Chandra, Patrick J. Murphy, then the Secretary of the United States Army, contracted Chandra to work in the U.S. Army Research Laboratory. Doc. 60, Pl.'s Resp. ¶ 2.

Chandra "is a non-Caucasian American individual with Indian national origin" who "possess[es] distinct racial features and ethnic characteristics that are different from" Caucasian Americans. Doc. 43, Pl.'s 1st Am. Compl. ¶ 18. Chandra speaks English with an accent. *Id.* ¶ 19. Chandra alleges that he was the only Indian employee in his unit. *Id.* ¶ 21. Chandra also alleges that Bowhead treated him differently than other non-Indian employees and claims he was told multiple times to "fit in." *Id.* ¶¶ 26, 35, 36, 40.

Bowhead terminated Chandra on or about December 21, 2011, for not being in the building on time, not filling out his time sheets, and lack of knowledge of electron microscopy. *Id.* ¶ 41. Chandra claims that Bowhead never gave him a working badge, which he needed to enter the building, and did not provide him with a working computer, which he needed to complete time sheets, until two months into the job. *Id.* ¶¶ 32, 42–43. Chandra also claims Bowhead praised him for his knowledge of electron microscopy. *Id.* ¶ 44. On or about May 2012, Chandra "engaged counsel to pursue his rights." Doc. 60, Pl.'s Resp. ¶ 5.

B.  *Procedural History*

Chandra filed a formal complaint of discrimination with the Equal Employment Opportunity Commission (EEOC) on August 7, 2012. Doc. 57, Def. Robert M. Speer's Mot. to Dismiss ¶ 6 [hereinafter Army's Mot. to Dismiss]; Doc. 59-1, Ex. 1, Charge of Discrimination. Chandra filed a Complaint with this Court on February 10, 2016, alleging discrimination on the basis of race and

national origin in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.* Doc. 3, Pl.'s Orig. Compl. 1, 5–7.[3]

The Army, in turn, moved to dismiss Chandra's claims against it under Federal Rules of Civil Procedure 12(b)(1) and, alternatively, 12(b)(6) for failure to exhaust administrative remedies. Doc. 33, Army's Mot. to Dismiss, 1–2. Chandra responded to the Motion, and the Army replied. *See* Doc. 38, Pl.'s Resp.; Doc. 39, Def.'s Reply Br. in Supp. of Def. Robert M. Speer's Mot. to Dismiss. The Court denied the Army's Rule 12(b)(1) Motion, holding that a Rule 12(b)(6) Motion is the correct procedural vehicle for Title VII exhaustion challenges. Doc. 42, Mem. Op. & Order, 8. The Court held that "Chandra failed to state a Title VII discrimination claim against the Army because he failed to allege that he exhausted administrative remedies." *Id.* at 10. The Court also addressed Chandra's reasons to subject the Army to suit despite not filing a discrimination claim with the Army's EEO office and held: (1) Chandra failed to plead facts necessary to assert that he qualifies for equitable tolling; (2) the Army does not share an "identity of interest" with Bowhead such that the Army may face suit despite Chandra not filing a charge against the Army; and (3) the Court need not rule that the Army had sufficient notice of the discrimination charge. *Id.* at 12-14.

Accordingly, the Court granted the Army's Motion to Dismiss, dismissed with prejudice

---

[3] As he did in his Original Complaint, Chandra asserts two causes of action in his First Amended Complaint for: (1) violations of Title VII; and (2) violations of 42 U.S.C. § 1981. Doc. 3, Pl.'s Orig. Compl. 1, 5–8; Doc. 43, Pl.'s 1st Am. Compl. 1, 7-10. This Court previously dismissed with prejudice Chandra's §1981 claim. Doc. 42, Mem. Op. & Order, 3 n.3. Despite the Court's dismissal with prejudice, Chandra has reasserted his § 1981 claim. And, once again, he does not specify which claims are intended for which defendant. The face of Chandra's First Amended Complaint suggests that he intends both claims to apply to both Defendants. But, this Court stated in the previous Order (Doc. 42, 3 n.3) that Section 1981 "does not permit discrimination actions against the federal government." *Henrickson v. Potter*, 327 F.3d 444, 446 (5th Cir. 2003) (citing *Eastland v. Tenn. Valley Auth.*, 553 F.2d 364, 371 (5th Cir. 1977)). For that reason, the Court again **DISMISSES with prejudice** Chandra's Section 1981 claim against the Army to the extent that he asserts one. *See* Doc. 42, Mem. Op. & Order, 3 n.3.

Chandra's Section 1981 claim against the Army, and dismissed without prejudice Chandra's Title VII claim against the Army. *Id.* at 15. However, the Court granted Chandra leave to replead his Complaint to cure pleading deficiencies. *Id.*

Chandra filed an amended Complaint with this Court on July 20, 2017, again alleging discrimination on the basis of race and national origin in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.* Doc. 43, Pl.'s 1st Am. Compl., 1, 7-10.[4] In his amended Complaint, Chandra does not allege that he filed a complaint with the Army's EEO office, instead he pleads that the theory of equitable tolling applies to his claim against the Army. *Id.* at 2-4. The Army moved to dismiss Chandra's claims pursuant to Rule 12(b)(6) for failure to exhaust administrative remedies. Doc. 57, Army's Mot. to Dismiss, 1-3. Chandra responded to the Motion, and the Army replied. *See* Doc. 60, Pl.'s Resp.; Doc. 62, Def.'s Reply Supp. of Def. Robert M. Speer's Mot. to Dismiss. Thus, the Motion is ripe for the Court's review, and the issue before the Court is whether the theory of equitable tolling applies to Chandra's pursuit of a claim against the Army.

## II.

## LEGAL STANDARD

A.  *Federal Rule of Civil Procedure 12(b)(6)*

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff's complaint fails to state such a claim, Rule 12(b)(6) allows a defendant to file a motion to dismiss. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss,

---

[4]*See supra* note 3.

"[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The Court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, a plaintiff "must plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). That means "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

## III.

## ANALYSIS

A.   *Rule 12(b)(6)*

The Army argues that Chandra's amended Complaint essentially concedes that he did not exhaust his administrative remedies because he does not provide any additional facts to show that he filed a claim with the Army's EEO division. Doc. 58, Br. in Supp. of Def. Robert M. Speer's Mot.

to Dismiss, 7-8 [hereinafter Army's Br.]. Thus, the Army maintains, Chandra cannot state a Title VII discrimination claim against the Army because he did not exhaust the administrative remedies set forth by Congress, and he did not set forth sufficient facts to show that he is entitled to equitable relief. *Id.* at 10.

Chandra argues that he vigorously pursued a discrimination claim against the Army in good faith. Doc. 43, Pl.'s 1st Am. Compl., 3-4. Although Chandra did not explicitly name the Army, nor the Army Research Laboratory, as his employer on the EEOC Charge of Discrimination, Chandra alleges that he informed the EEOC representative that the claims were against both the Army and Bowhead and that the charge referenced acts of discrimination by the Army throughout. *Id.* at 3; Doc. 58, Army's Br., 3. Thus, because the EEOC allegedly did not inform him of the need to file a complaint with the Army's EEO office, he argues the Court should equitably toll his claim against the Army. Doc. 43, Pl.'s 1st Am. Compl., 4.

Exhaustion of administrative remedies is a prerequisite to filing a judicial complaint in a Title VII case. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). Employees of contractors for a federal agency are not exempt from the exhaustion requirement when making a Title VII claim against the federal agency. *Frank v. England*, 313 F. Supp. 2d 532, 537 (D. Md. 2004) (holding that an employee of a contractor for a federal agency has the obligation to exhaust the administrative remedies available through the agency).

Chandra does not allege that he contacted the Army's EEO office, nor dispute that he failed to exhaust administrative remedies. Instead, Chandra pleads that the theory of equitable tolling applies to his discrimination claim against the Army, which should subject the Army to the suit despite not filing a charge of discrimination with the Army's EEO office. The Court now considers

Chandra's claim for equitable relief.

### 1. Equitable Tolling

The exhaustion requirement for Title VII claims may be equitably tolled in certain circumstances. *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003). The plaintiff bears the ultimate "burden to provide justification for equitable tolling," which courts apply sparingly. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011); *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). "[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Three possible bases for the application of equitable tolling include: "(1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights." *Manning,* 332 F.3d at 880 (citing *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir. 1988)). Additionally, "equitable tolling may apply where the claimant has vigorously pursued his action, but has inadvertently missed deadlines due to his . . . lack of sophistication with the procedural requirements of Title VII claims." *Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992); *see also Irwin,* 498 U.S. at 96 (finding that equitable tolling may be allowed "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period"). Here, Chandra argues that equitable tolling applies because Bowhead intentionally concealed the Army's EEO filing procedures, the EEOC did not make him aware that a specific complaint of discrimination should be filed within the Army's internal system, and he "vigorously pursued a discrimination claim against the Army following the proper procedure in good faith." Doc. 43, Pl.'s 1st Am. Compl. ¶¶ 13-15.

In *Granger*, the Fifth Circuit held that equitable tolling applied to a 300-day deadline to file an administrative charge of employment discrimination with the EEOC because the plaintiffs diligently pursued their rights. *Granger*, 636 F.3d at 713. After resigning from their positions with the defendant, due to an alleged pattern of sexual harassment, and seeking legal counsel, the plaintiffs' attorney errantly filed the plaintiffs' complaints with the Office of Federal Contract Compliance Programs (OFCCP) instead of correctly filing the complaints with the EEOC. *Id.* at 709. The attorney made several follow up phone calls with the OFCCP within the 300-day time period, but the complaints were not forwarded to the EEOC until after the deadline. *Id.* at 710. Although the attorney made a mistake in filing the complaints with the wrong office, the Court held that the plaintiffs diligently pursued their rights and their attorney diligently followed up on their claims within the statutory time period; thus, the Court applied equitable tolling to the plaintiffs' claims. *Id.* at 713.

Alternatively, in *Teemac*, the Fifth Circuit held that equitable tolling did not apply where a United States Postal Service (USPS) employee's ignorance of the law due to a language barrier caused him to fail to seek counseling from an EEO officer within forty-five days of the alleged religious discrimination. *Teemac v. Henderson*, 298 F.3d 452, 458 (2002). The USPS allegedly fired the plaintiff for refusing to work on Sundays because of his religious beliefs. *Id.* at 454. The plaintiff timely filed a formal complaint with the EEOC, but failed to make a timely informal complaint to EEOC counsel. *Id.* The plaintiff argued that equitable tolling should apply because he unsuccessfully sought advice from legal counsel and could not understand the USPS's orientation session due to his lack of familiarity with the English language. *Id.* Despite the plaintiff's ignorance of the law and his argument that he "zealously pursued his rights and merely made a careless and understandable

mistake," the Court held that diligence alone is not enough to toll the time limit. *Id.* at 458. Thus, the Court declined to apply equitable tolling because the plaintiff "never brought an informal complaint before the EEO counselor, even after the forty-five day deadline had lapsed." *Id.*

A Rule 12(b)(6) motion attacks the sufficiency of a party's pleadings. *Spivey*, 197 F.3d at 774. As a *pro se* litigant, Chandra's "pleadings are to be construed liberally." *Sama v. Hannigan*, 669 F.3d 585, 599 (5th Cir. 2012) (citing *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002)). Similarly, his "*pro se* briefs are afforded liberal construction." *McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Indeed, it "would be inequitable" to hold *pro se* litigants to strict procedural standards and thereby punish such litigants "for lacking the linguistic and analytical skills of a trained lawyer." *Perez*, 312 F.3d at 194. Nonetheless, courts "still require *pro se* parties to fundamentally 'abide by the rules that govern the federal courts.'" *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (citing *Frazier v. Wells Fargo Bank*, N.A., 541 F. App'x 419, 421 (5th Cir. 2013)). So *pro se* "litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, . . . and brief arguments on appeal." *Id.* (internal citations omitted).

Chandra's pleadings fall short of that goal by failing to allege any plausible facts entitling him to equitable tolling. Chandra does not allege any facts showing "the pendency of a suit between the same parties in the wrong forum." *Manning,* 332 F.3d at 880. Second, Chandra fails to allege any facts indicating that the Army intentionally concealed facts that support his claim. Instead, Chandra states that *Bowhead* intentionally concealed the necessary filing procedures to prevent him from filing an EEO complaint with the *Army*; however, "mere conclusory statements do not suffice." *Ashcroft*,

556 U.S. at 678; Doc. 43.[5] Third, Chandra alleges that the EEOC misled him about his rights by not making him aware that he needed to take further actions with the Army's EEO office to pursue his charge against the Army. Chandra argues that telling the EEOC representative that his claim was against the Army and referring to the Army Research Laboratory throughout his EEOC complaint should be enough to establish that his reliance on the EEOC to guide him on how to proceed against the Army warrants equitable tolling. However, Chandra does not allege any facts indicating that the EEOC engaged in any affirmative acts to mislead him. *See White v. Dallas Indep. Sch. Dist.*, 581 F.2d 556, 562 (5th Cir. 1978) (en banc) (holding that the EEOC substantially misled a plaintiff by sending letters erroneously stating that the plaintiff met all the necessary requirements and that the EEOC's "mistakes should not redound to [the plaintiff's] detriment"). Further, Chandra has not cited to any authority that supports his proposition that the EEOC's failure to voluntarily submit guidance or legal advice to Chandra on how to pursue his claim against the Army (who was not listed as his employer on the charge filed with the EEOC) amounts to the EEOC misleading him.

Finally, Chandra fails to allege sufficient facts showing that he vigorously pursued his action but inadvertently missed the forty-five day deadline to contact the Army's EEO office due to his lack of sophistication with procedural requirements. Chandra retained counsel to pursue his rights in May 2012. Apart from very limited circumstances, "[a] complainant's failure to follow administrative procedures, particularly where he is represented by counsel, is not one of the grounds for equitable

---

[5]To the extent that Chandra reasserts that the Army shares an "identity of interest" with Bowhead, this Court has already concluded that the two do not share an identity of interest. Doc. 42, Mem. Op. & Order, 8; *see Hartz v. Adm'rs of Tulane Educ. Fund*, 275 F. App'x 281, 286 (5th Cir. 2008) (holding that two institutions did not share an identity of interest because: (1) they were separate and distinct business entities; and (2) they were domiciled at different addresses).

tolling." *Rolland v. U.S. Dep't of Veterans Affairs*, 146 F. App'x 743, 746 (5th Cir. 2005). Moreover, Chandra has not alleged any facts that show he made any attempt to pursue his rights within the forty-five day window,[6] nor that he has ever attempted to make contact with the Army's EEO office. *See Teemac*, 298 F.3d at 458. Chandra, consequently, has not done his due diligence with respect to his claim against the Army. *Id.*; *see also Irwin*, 498 U.S. at 96.

In sum, Chandra has failed to plead facts that could be liberally construed to assert that he qualifies for any of the three potential bases for equitable tolling. *See Manning*, 332 F.3d at 880. Chandra also failed to plead facts showing that he vigorously pursued a discrimination claim against the Army but inadvertently missed deadlines due to his lack of sophistication with Title VII's procedural requirements. *See Rowe*, 967 F.2d at 192. Accordingly, Chandra has not met his burden. The Court therefore concludes that equitable tolling does not apply to Chandra's employment discrimination claim against the Army.

To conclude, Chandra has failed to sufficiently allege: (1) that he exhausted the Army's administrative remedies; and (2) adequate reasons to subject the Army to suit despite not filing a charge of discrimination with the Army's EEO office. For that reason, Chandra fails to state a claim for which relief may be granted. *In re Katrina*, 495 F.3d at 205. The Court therefore **DISMISSES with prejudice** Chandra's Title VII claim against the Army.

---

[6]Chandra was terminated on December 21, 2011; thus, the forty-five day window closed on February 4, 2012. Doc. 43, Pl.'s 1st Am. Compl. ¶ 41. In May 2012, three months after that initial deadline, Chandra's first took action by engaging counsel. Doc. 60, Pl.'s Resp. ¶ 5. Even if the Court were to assume that Chandra retained an attorney on May 31, 2012, he still did not file a complaint with the EEO office within forty-five days (before July 15, 2012) of that date. Instead, Chandra's attorney allegedly sent a letter seeking to resolve the issue to a representative of Bowhead and the U.S. Army Research Laboratory on July 9, 2012. *Id.* at Ex. A. Chandra did not formally take action until he filed the complaint with the EEOC on August 7, 2012 (sixty-eight days after May 31, 2012). Doc. 43, Pl.'s 1st Am. Compl. ¶ 12.

## IV.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Army's Motion to Dismiss (Doc. 57). Accordingly, the Court **DISMISSES with prejudice** Chandra's Section 1981 claim[7] against the Army and **DISMISSES with prejudice** Chandra's Title VII claim against the Army.

**SO ORDERED**

**SIGNED: March 12, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT

---

[7] *See supra* note 3.