UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIPANKAR CHANDRA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-0375-B |
| | § | |
| BOWHEAD SCIENCE & | § | |
| TECHNOLOGY LLC, and ROBERT | § | |
| M. SPEER, Secretary of the Army | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Dipankar Chandra's motion for reconsideration. Doc. 69. For the following reasons, Plaintiff's Motion is **DENIED**.

## I.

## BACKGROUND

Chandra filed suit against Defendants Bowhead Science & Technology LLC and the Secretary of the United States Army alleging discrimination based on race and national origin in violation of Title VII of the Civil Rights Act of 1964. Doc. 69, Mot. for Recons., 1. The Army filed a motion to dismiss, alleging that Chandra failed to exhaust his administrative remedies. Doc. 33, Mot. to Dismiss, 2. The Court granted the Army's motion but allowed Chandra to file an amended complaint. Doc. 42, Mem. Op. & Order, 15. In his amended complaint, Chandra claimed that even if he had not exhausted his administrative remedies his claims were subject to equitable tolling because, in relevant part, his failure to contact the Army's EEO office was due to his lack of sophistication, not his failure to vigorously pursue his case. Doc. 43, Am. Compl. ¶¶ 13, 15. The

Army filed another motion to dismiss, Doc. 57, Mot. to Dismiss, which the Court granted, this time dismissing with prejudice Chandra's Title VII claims against the Army, Doc. 66, Mem. Op. & Order, 12. Twenty eight days later, Chandra filed a motion for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b), which challenges the Court's factual findings and seeks leave to file an amended complaint. Doc. 69, Mot. for Recons., 2, 5–6. Chandra's motion is ripe for review.

II.

LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, but such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Whether a motion falls under Rule 59(e) or 60(b) depends on when it was filed. *See id.* In this case, Chandra's motion was filed twenty eight days after the Court granted the Army's motion to dismiss so it was timely under Rule 59(e). Fed. R. Civ. P. 59(e) (requiring such motion to be filed "no later than 28 days after the entry of the judgment").

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Rule 59(e) reconsideration does not serve as a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479. Rather, it serves to correct a manifest error of law or fact, to account for newly discovered evidence, or to accommodate an intervening change in controlling law. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Therefore, it is "an extraordinary remedy that should be used sparingly." *In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012) (quoting

*Templet*, 367 F.3d at 479).

## III.

## ANALYSIS

Chandra challenges the Court's finding that he failed to file a charge of discrimination with the Army's EEO office and failed to vigorously pursue his action. Doc. 69, Mot. for Reconsideration, 1–2. Chandra does not dispute that he never filed a charge of discrimination with the Army's EEO office but claims that the July 9, 2012 letter he sent to the Director of the Army Research Laboratory satisfied the Army's requirements for initiating a discrimination complaint. *Id*. at 3. Chandra acknowledges that he sent the letter outside of the forty-five-day window during which a complainant must initiate his claim but argues that the EEOC regulations to which the Army is subject toll this requirement when the complainant was not notified of the time limit or otherwise aware of it. *Id*. at 3–4. Thus, Chandra argues he is entitled to tolling of his claim under the EEOC regulations. *Id*. at 4.

Chandra argues that he is also entitled to equitable tolling because, despite his lack of sophistication with the Army's procedural requirements, he vigorously pursued his action as soon as he was aware of the need to do so. *Id*. at 5. He claims the July 9 letter triggered the Army's obligation to inform him of his rights and responsibilities to pursue his claim and its failure to do so is the reason Chandra took no further steps regarding his claim. *Id*. at 4–5; Doc. 74, Reply, 2.

The July 9, 2012 letter Chandra sent to the Director of the Army Research Laboratory is not new evidence. The Court considered the letter in its order granting the Army's second motion to dismiss, Doc. 66, Mem. Op. & Order 10–11, and did not make a "manifest error of law or fact" when doing so. *Schiller*, 342 F.3d at 567. The EEOC regulations for federal sector employment require

"[a]n aggrieved person [to] initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). Chandra is correct that the forty-five-day time limit is extended if the "individual shows that he or she was not notified of the time limits and was not otherwise aware of them," *id.* (a)(2), but the tolling provision is inapplicable to Chandra's case because he never initiated contact with a Counselor. Chandra admits he never contacted an EEO Counselor, *see* Doc. 74, Reply, 2 ("Chandra began his pre-complaint process not with an EEO Counselor or EEO Director"), but argues that he exceeded the regulation's requirement by initiating contact with "the Director of the entire agency to whom the EEO Director reports," *id.* But the regulation states that the complainant must initiate contact with a Counselor, 29 C.F.R. § 1614.105(a)(1), and the Court will follow the regulation's plain meaning, *Diamond Roofing Co., Inc. v. Occupational Safety & Health Review Com'n*, 528 F.2d 645, 649 (5th Cir. 1976) ("A regulation should be construed to give effect to the natural and plain meaning of its words."). Thus, because Chandra's July 9 letter did not comply with the EEOC regulation's pre-complaint requirements, the letter cannot serve as a basis for tolling under that regulation.

Nor does the July 12 letter serve as a basis for equitable tolling. Because Chandra never initiated contact with an EEO Counselor, the Army's duty to "advise individuals in writing of their rights and responsibilities" was not triggered. 29 C.F.R. § 1614.105(b)(1) ("At the initial counseling session, Counselors must advise individuals of their rights and responsibilities."). The Court previously concluded that the July 9 letter standing by itself—sent seven months after Chandra was terminated and at least thirty nine days after Chandra retained counsel—is insufficient to establish that Chandra vigorously pursued his claim. Doc. 66, Mem. Op. & Order, 10–11. Chandra fails to present new evidence that he vigorously pursued his claim; instead, he simply "rehashes" evidence

already raised. *Templet*, 367 F.3d at 479.

Finally, Chandra requests leave to file another amended complaint "to clarify the steps he took to file a complaint of discrimination with the Army, including the complaint he sent the Army on July 9, 2012." Doc. 69, Mot. for Reconsideration, 5–6. The Court previously granted Chandra leave to amend his complaint to address these facts, Doc. 42, Mem. Op. & Order, 15, and subsequently found that Chandra failed to adequately plead he was entitled to equitable relief, Doc. 66, Mem. Op. & Order, 12. Chandra raises no new facts in his motion for reconsideration that indicate he could cure this deficiency. Thus, the Court **DENIES** Chandra leave to file an amended complaint.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration. Doc. 69.

**SO ORDERED**.

**SIGNED: May 17, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE